**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GENE PIERSALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No. 08-CV-116-TCK-SAJ** |
| | ) |
| **CRANE CARRIER COMPANY, and** | ) |
| **UNITED STEEL WORKERS OF AMERICA** | ) |
| **UNION,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is Defendant Crane Carrier Company's Partial Motion to Dismiss Plaintiff's

Claim for Civil Conspiracy Pursuant to 42 U.S.C. § 1985(3) ("Motion to Dismiss") (Doc. 10); and

Plaintiff's Motion to Amend (Doc. 20).  In the Motion to Dismiss, Crane Carrier Company

("Crane") seeks to dismiss Plaintiff's first cause of action for civil conspiracy arising under 42

U.S.C. § 1985(3) ("1985(3)").  In the Motion to Amend, Plaintiff seeks to amend his first cause of

action to "more fully set forth the discriminatory animus" forming the basis of the conspiracy claim.

## I.      Factual Background

Plaintiff was employed by Crane from June 16, 1970 until August 23, 2006.  The president

of Defendant United Steel Workers of America ("Union"), David Roof ("Roof"), was present at

Plaintiff's termination and allegedly informed Plaintiff "not to worry; he was going to file a

grievance."  (Compl. ¶ 10.)  In his second and third causes of action, Plaintiff alleges that his

termination was based on his age, in violation of the Age Discrimination in Employment Act

("ADEA") and in violation of public policy.  In his first cause of action, Plaintiff alleges that Crane

and Union conspired together to "violate [Plaintiff's] contractual rights" and to "not act on

[Plaintiff's] grievance; contrary to its representations to him which were relied upon by [Plaintiff] to his detriment," all in violation of § 1985(3).  (Compl. ¶¶ 13-14.)

After Crane moved to dismiss the § 1985(3) claim, Plaintiff filed the Motion to Amend and submitted a proposed First Amended Complaint.  The proposed First Amended Complaint adds six paragraphs of factual allegations to the civil conspiracy claim.  These proposed amendments make clear that the class-based animus underlying the civil conspiracy claim is "age discriminatory animus."  (Proposed First Am. Compl. ¶ 15.)

## II.    Motion to Dismiss

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the nonmoving party.  *See Yanaki*, 415 F.3d at 1207.  However, the Court need not accept as true those allegations that are conclusory in nature.  *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)).

2

The relevant provision of § 1985(3) provides:

> If two or more persons . . . conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . [or] cause to be done, any act in furtherance of the object of such conspiracy . . . the party so injured or deprived may have an action for the recovery of damages . . . .

42 U.S.C. § 1985(3).  "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  The Tenth Circuit has clarified that § 1985(3) "does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  "The other 'class-based animus' language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias." *Tilton*, 6 F.3d at 686.  "In fact, the Supreme Court has held that 'it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause.'" *Id.* (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 836 (1983)).

In the original Complaint, Plaintiff does not directly link the civil conspiracy claim to age discrimination or any other class-based animus.  Instead, the Complaint merely alleges that Crane and Union conspired to violate his "contractual rights" and to "not act" on Plaintiff's grievance. (Compl. ¶¶ 13-14.)  However, in other parts of the Complaint, Plaintiff does allege age discrimination by Crane in terminating his employment.  Based on these allegations, it can be

3

reasonably presumed that the class-based animus underlying the civil conspiracy claim is animus against the class of individuals created by the ADEA, *i.e.*, persons over the age of forty. Accordingly, the Court construes the Complaint as alleging that Union and Crane conspired against him because of his age and that such conspiracy violated § 1985(3).

In an unpublished decision, the Tenth Circuit concluded that "[v]iolation of the ADEA cannot form the basis for a § 1985(3) claim." *Schwinn v. Human Affairs Int'l, Inc.*, No. 99-04140, 2000 WL 731785, at * 1 (10th Cir. June 8, 2000). Although the Tenth Circuit did not offer any discussion of this conclusion, the court cited *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 527 (2d Cir. 1996). In *Sherlock*, the Second Circuit explained that deprivation of a right created by Title VII of the Civil Rights Act of 1964 cannot be the basis for a cause of action under § 1985(3). *Id.* (citing *Great American Fed. Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 375-77 (1979) (holding that rights created by Title VII could not be asserted within the remedial framework of § 1985(3) because that would allow a plaintiff to avoid the detailed enforcement and conciliation mechanism created by Congress in Title VII)). The Second Circuit then likened Title VII's remedial scheme to that provided in the ADEA, stating: "The similar mechanism for enforcement and conciliation of claims under the ADEA, *e.g.*, compare 42 U.S.C. § 2000e-5(b) with 29 U.S.C. § 626(b), persuades us that a violation of the ADEA likewise cannot be the basis for a claim under § 1985(3)." *Sherlock*, 84 F.3d at 527. Based on *Schwinn*, and its citation to the reasoning in *Sherlock*, the Court concludes that age-based discriminatory animus cannot be the underlying "class-based" animus forming the basis of a § 1985(3) claim. *Cf. Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1367 (4th Cir. 1989) (cited in *Sherlock*) ("If a violation of substantive rights under the ADEA could be asserted by way of a § 1983 action, the aggrieved party could avoid these specific

4

provisions of the law. . . . The purposes and structure of the ADEA are inconsistent with the notion that the remedies it affords could be supplanted by alternative judicial relief."). Accordingly, the Complaint fails to allege an essential element of a § 1985(3) claim, and Plaintiff's first cause of action must be dismissed.

### III.   Motion to Amend

Plaintiff's Motion to Amend is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that a court should "freely give leave when justice so requires." Courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City, and County of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (quotation omitted). In this case, Crane argues that the proposed amendment is futile because the proposed First Amended Complaint also fails to state a claim for civil conspiracy arising under § 1985(3).

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *E.SPIRE Comm'cns, Inc. v. N.M. Public Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004); *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994) ("If a proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim, then the court is clearly justified in denying an amendment on futility grounds."). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray*, 156 F.R.D. at 238 (citations

omitted).  "Any ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint."  *Id.*

In his proposed First Amended Complaint, Plaintiff more fully sets forth his theory that the conspiracy between Crane and Union was motivated by age-based animus.  (Proposed First Am. Compl. ¶¶ 14-19.)  However, for the reasons explained above, the Court concludes that allegations of age-based animus are insufficient to state a claim under § 1985(3).  Accordingly, the proposed amendment would be futile, and it is not in the interest of justice to grant the Motion to Amend.

Defendant Crane Carrier Company's Partial Motion to Dismiss Plaintiff's Claim for Civil Conspiracy Pursuant to 42 U.S.C. § 1985(3) (Doc. 10) is GRANTED, and Plaintiff's first cause of action for civil conspiracy is dismissed with prejudice.  Plaintiff's Motion to Amend (Doc. 20) is DENIED.

**ORDERED THIS 16th DAY OF OCTOBER, 2008.**

_____

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**