**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GENE PIERSALL, | ) | |
| | ) | |
|        **Plaintiff,** | ) | |
| vs. | ) | No. 08-CV-116-TCK |
| | ) | |
| CRANE CARRIER, INC., | ) | |
| and UNITED STEEL WORKERS | ) | |
| OF AMERICA UNION, | ) | |
| | ) | |
|        **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court are the unopposed Motion for Summary Judgment of Defendant United Steel Workers of America ("Union") (Doc. 38), the unopposed Motion for Summary Judgment of Defendant Crane Carrier, Inc. ("Crane") (Doc. 39); and Crane's Motion for Confession of Judgment (Doc. 42).

**I.     Factual Background**

Plaintiff was employed by Crane from June 16, 1970 until his termination on August 23, 2006. In his first cause of action, Plaintiff alleges that Crane and Union conspired together to "violate [Plaintiff's] contractual rights" and to "not act on [Plaintiff's] grievance; contrary to its representations to him which were relied upon by [Plaintiff] to his detriment," all in violation of 42 U.S.C. § 1985(3). (Compl. ¶¶ 13-14.) In his second and third causes of action, Plaintiff alleges that his termination was based on his age, in violation of the Age Discrimination in Employment Act ("ADEA") and in violation of public policy. In his final cause of action, Plaintiff alleges that Union failed to represent him, in violation of 42 U.S.C. § 623, *et seq*. On October 17, 2008, the Court granted Crane's motion to dismiss Plaintiff's first cause of action for civil conspiracy, and such claim was dismissed with prejudice as to Crane. On November 13, 2008, Union filed a motion for

summary judgment on all claims asserted against it. On November 14, 2008, Crane filed a motion for summary judgment on all remaining claims asserted against it. Plaintiff failed to respond to either motion. On December 16, 2008, Crane moved for confession of judgment pursuant to Northern District Local Rule 7.2(f), which provides that the Court may grant an unopposed dispositive motion eleven days after a party has filed a motion for confession of judgment. As of this date, Plaintiff has failed to respond to the pending dispositive motions or to the motion for confession of judgment.

## II.     Standard Governing Unopposed Dispositive Motions

Even when a summary judgment motion is unopposed, the Court remains obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See id.*; Fed. R. Civ. P. 56. "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed*, 213 F.3d at 1195. "The court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* However, summary judgment should only be granted if those facts entitle the moving party to judgment as a matter of law. *See id.*

## III.    Crane's Motion for Summary Judgment

The Court finds that Crane's motion for summary judgment is properly supported, as required by Federal Rule of Civil Procedure 56(c). As to the age discrimination claim, Crane presented evidence that it had legitimate, non-disctriminatory reasons for Plaintiff's termination. These reasons were Plaintiff's repeated tardiness and Plaintiff's violation of a written reprimand,

which warned that he would be terminated if he was tardy again ("Last Chance Agreement"). Because Plaintiff has not responded to the motion for summary judgment, Plaintiff has presented no evidence that these proferred reasons were a pretext for age discrimination. Accordingly, Crane is entitled to judgment as a matter of law. *See Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005) (stating that summary judgment is warranted "unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual"). With respect to Plaintiff's wrongful termination claim arising under state law, Plaintiff did not identify any state public policy that was violated by his termination but instead identified only federal law as the basis for his claim. Crane is therefore entitled to judgment on Plaintiff's "wrongful termination" claim. *See Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543, 546 (Okla. 2001) (stating that a federal statute cannot by itself serve as a statement of Oklahoma public policy).

## IV.  Union's Motion for Summary Judgment

The Court finds that Union's motion for summary judgment is properly supported, as required by Federal Rule of Civil Procedure 56(c). As to the age discrimination claim, Plaintiff admitted in his deposition that he had no evidence that Union discriminated against him because of his age. Such deposition testimony is quoted in and attached to Union's motion. As to the claim that Union failed to properly represent him by (1) improperly negotiating the Last Chance Agreement, (2) improperly representing him in the termination proceeding, or (3) wrongfully failing to file a grievance on his behalf, Union has presented evidence that such claim is time-barred. Specifically, all alleged improper actions took place outside the six-month statute of limitations that applies to "duty of fair representation" claims. *See Spaulding v. United Transp. Union*, 279 F.3d 901, 912 (10th Cir. 2002). Finally, as to the civil conspiracy claim against Union, Union is entitled to judgment on this claim for the reasons set forth in the Court's October 17, 2008 Order.

## V.     Conclusion

Union's Motion for Summary Judgment (Doc. 38) is GRANTED; Crane's Motion for Summary Judgment (Doc. 39) is GRANTED; and Crane's Motion for Confession of Judgment (Doc. 42) is GRANTED. The Court declines to impose a sanction against Plaintiff in the form of attorneys' fees.

**ORDERED this 8th day of January, 2009.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**